# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KELLEY McFADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-1419-HE |
| | ) | |
| CITY OF MIDWEST CITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kelley McFadden filed this 42 U.S.C. § 1983 action against the City of Midwest City ("the City"), alleging violations of her Sixth Amendment right to counsel. Plaintiff filed her initial complaint *pro se*. The City moved to dismiss the complaint, to which plaintiff did not respond. Instead, she requested leave to file an amended complaint, which the court granted. *See* [Doc. #9]. The City again moved to dismiss, and plaintiff again sought leave to amend her complaint, this time based on the fact that she had obtained counsel. The court again granted plaintiff's motion. [Doc. #14]. Plaintiff has now filed her second amended complaint. The City has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded and the motion is at issue.

## Discussion

The second amended complaint alleges that, sometime in 2010, plaintiff was convicted of unspecified "larceny-related" offenses in Midwest City Municipal Court and was sentenced to 250 days in jail. She alleges that she was indigent at the time of her court proceeding and was denied assistance of counsel at public expense. She also alleges she was

1

not advised of her right to appeal. Plaintiff was released from jail in late December 2010, apparently having served out her sentence. She contends that the City has a policy of not providing indigent defendants or inmates with legal representation, in violation of the Sixth Amendment.[1] She filed this § 1983 action seeking monetary damages for the alleged constitutional violations, and other related relief.

The City has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). That rule permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The City's motion is based entirely on its assertion that plaintiff's claim must be

---

[1] *"[T]he Sixth Amendment's guarantee of the right to appointed counsel applies to state criminal prosecutions through the Fourteenth Amendment . . . [A]n indigent defendant must be appointed counsel in any criminal prosecution, regardless of its classification as a misdemeanor or a felony, 'that actually leads to imprisonment even for a brief period . . . .'" United States v. Cousins, 455 F.3d 1116, 1125-26 (10th Cir. 2006) (quoting Argersinger v. Hamlin, 407 U.S. 25, 33, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)).*

dismissed under Heck v. Humphrey, 512 U.S. 477, 486 (1994), because plaintiff does not allege that her conviction has been invalidated. Plaintiff argues that Heck does not apply because habeas relief is not available to her, as she is no longer in custody.

In Heck, the Supreme Court addressed the issue of when a prisoner may assert a § 1983 claim relating to her conviction or sentence. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. The rule applies to any claim in which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Plaintiff's current status as a non-prisoner does not appear to render Heck inapplicable in the circumstances of this case. Some courts, in applying Heck, have concluded that it does not bar a suit by a person whose incarceration has ended, as a habeas remedy is ordinarily unavailable in that circumstance.[2] The Tenth Circuit is among those courts, at least where the availability of a habeas remedy is determinative. Cohen v. Longshore, 621 F.3d 1311, 1315 (10th Cir. 2010). In Cohen, after acknowledging a circuit split on the issue, the Court

---

[2]*The U.S. Supreme Court has not definitively resolved the issue. See Muhammad v. Close, 540 U.S. 749, 752, n. 2 (2004).*

3

determined "that a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck from pursuing a § 1983 claim." *Id.* at 1317. It followed the reasoning of the plurality opinion in Spencer v. Kemna, 523 U.S. 1 (1998), which concluded a former prisoner no longer in custody could bring a § 1983 action, without being bound to satisfy the "favorable termination" requirement of Heck, because it was a requirement that "would be impossible as a matter of law for him to satisfy." 523 U.S., at 21.

However, neither Spencer nor Cohen appear to have involved the circumstances present here—where an available means exists under state law for challenging the conviction involved, regardless of the availability of a federal habeas remedy or of plaintiff's custodial status. She has an available state remedy through the Oklahoma Uniform Post-Conviction Procedure Act, 22 Okla. Stat. § 1080.[3] The Spencer concurrence's concern with the impossibility of satisfying the favorable termination requirement is thus not present here. Further, recognizing the impact of the available state procedure seems consistent with the underlying purpose served by the Heck rule, of preserving limitations on the availability of habeas remedies, i.e. exhaustion of state remedies. *See* Muhammad v. Close, 540 U.S. 749, 751 (2004). Moreover, as noted above, Heck stated the "favorable termination" requirement as involving either the prior conviction being called into question in a habeas proceeding "or," among other things, "declared invalid by a state tribunal authorized to make such

---

[3] *"Any person who has been convicted of, or sentenced for, a crime and who claims: (a) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state . . . may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." 22 Okla. Stat. § 1080.*

4

determination . . . ." 512 U.S. at 487.

Whether a plaintiff is barred by Heck where she has no available habeas remedy but has other relief potentially available in state court has not been squarely addressed by the Tenth Circuit. *See* Taylor v. City of Bixby, 2012 WL 6115051, *6 (N.D. Okla. Dec. 10, 2012). The Taylor court did consider the issue and adopted the Eleventh Circuit's reasoning that Heck applies even where habeas is unavailable, if there is another route for a plaintiff to seek relief from his conviction. *Id.* (citing Domotor v. Wennett, 356 F. App'x 316 (11th Cir. 2009), aff'g 630 F. Supp. 2d 1368, 1380 (S.D. Fla. 2009)). This court reached the same conclusion in a recent case involving the same defendant. *See* Dutton v. City of Midwest City, CIV-13-0911-HE, 2014 WL 348982 (W.D. Okla. Jan. 31, 2014).

For the above-stated reasons, the court concludes that Heck applies in the circumstances present here. That conclusion leaves plaintiff with a potentially available remedy for her claimed constitutional violations and affords the state an opportunity to cure any such violations, consistent with Heck's purpose.

Because Heck applies, it is necessary to evaluate whether plaintiff's particular claims would "necessarily imply the invalidity of [the] conviction or sentence." Here, a ruling that plaintiff was denied counsel in violation of her Sixth Amendment right would necessarily invalidate her conviction. Her claim must therefore be dismissed, without prejudice.[4]

For the reasons stated, the City of Midwest City's motion to dismiss [Doc. #16] is

---

[4] "[C]laims dismissed on Heck v. Humphrey grounds should be dismissed without prejudice." Bryner v. Utah, 429 F. App'x 739, 744–45 (10th Cir.2011).

5

**GRANTED**. This case is **DISMISSED** without prejudice to re-filing if the necessary preconditions are met.

**IT IS SO ORDERED**.

Dated this 27th day of February, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE